Davis, P. J.
Two questions are presented on this appeal: First. Whether the appellant is entitled to full commissions as trustee on the income for the period covered by the accounting at the rate of five per cent on the first thousand and two and a half peí* cent on the remainder. The surrogate allowed her but one per cent on the whole. Second. Whether she is entitled to commissions as executrix on the amount of proceeds of sales of certain real estate in Charleston, S. C. The surrogate allowed her half commissions as trustee on receipt of such proceeds. On the second of these questions we are of opinion that the decision of the surrogate is right.
As to the first of these questions, the surrogate declined to follow the decision of the court of appeals in the case of Hancox agt. Meeker (95 N. Y., 528), claimed by the appellant to be controlling, on the ground that that case is so far distinguishable from the present as not to be controlling. In this we think the learned surrogate was in error. As we understand the decision of the court of appeals in Hancox agt. Meeker, it determines that where an annual income is required to be paid periodically to a cestui que t/rust, the trustee has a clear right to retain commissions from the annual income; and that where an account is rendered yearly in compliance with any statute, rule or order of the court, or where annual rests are necessary to charge the party accounting, with interest, on the balance remaining in his hands, such accounting party is entitled to full commissions on each year’s receipts and disbursements. The court in that case distinctly declared that “no sound reason exists why a trustee should not be entitled to receive commissions on the income of an estate which he annually pays over and accounts for.”
*293 If -this be so, we see no sound reason why the rule should not apply so as to allow full commissions on receiving and paying out the income, notwithstanding the trustee has received full commissions on a former accounting for receiving and investing the principal. It is not necessary to express any opinion as to which is the better law — the decision of the court of appeals or the rule laid down by the surrogate in his opinion — because the former is necessarily controlling of our action.
The decree of the learned surrogate must, therefore, be so far modified as to allow full commissions upon the income received and paid out, and with such modification affirmed, without costs to either party.
Daniels, J., concurred.